UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sam Khamsaen Phetinta, | Case No.: 2:25-cv-02564-GMN-BNW |
| Petitioner. | **Order** |
| v. | |
| John Mattos, | |
| Respondent. | |

Petitioner Sam Khamsaen Phetinta, immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and an Application to Proceed *In Forma Pauperis* ("IFP"). ECF Nos. 1, 1-1. The Court finds good cause to grant his IFP Application.

In his Petition, Phetinta requests appointment of counsel. ECF No. 1-1 at 1. The Court determines that appointment of counsel is warranted. Generally, habeas petitioners not sentenced to death are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). The Court may, however, appoint counsel if the interests of justice so require. *See* 18 U.S.C. § 3006A; *Chaney*, 801 F.2d at 1196. Here, Petitioner is unrepresented and stands to lose his right to an adjudication of his Petition on the merits due to ignorance of technical procedural requirements. In addition, this case concerns immigration proceedings, prolonged detention, and potentially removal, thus the outcome of this litigation is likely to have serious consequences for Petitioner. The Court therefore finds that appointment of counsel is in the interests of justice and appoints counsel.

**IT IS HEREBY ORDERED** that Petitioner Sam Khamsaen Phetinta's Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the FPD will have 14 days from the date of entry of this order to appear for Petitioner and file an Amended Petition for writ of habeas corpus. The Federal Public Defender shall effectuate service of the Amended Petition on the Respondents.

**The Clerk of Court is kindly directed to**:

1. **FILE** the Petition (ECF No. 1-1).
2. **DELIVER** a copy of the Petition (ECF No. 1-1) and this Order to the U.S. Marshal for service.
3. **ADD** the United States Attorney for the District of Nevada and John Mattos, the Warden of Nevada Southern Detention Center, to the docket as Interested Parties.
4. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to:
   - the United States Attorney's Office for the District of Nevada, at Sigal.Chattah@usdoj.gov, summer.johnson@usdoj.gov, Veronica.criste@usdoj.gov, and

caseview.ecf@usdoj.gov, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

- Counsel for Respondent John Mattos: Ashlee Hesman at ahesman@strucklove.com and Jacob Brady Lee at JLee@strucklove.com

5.  **SEND** the Federal Public Defender, Petitioner, and the CJA Coordinator for this division a copy of the Petition (ECF No. 1-1) and this Order.

**IT IS FURTHER ORDERED** that the U.S. Marshal **SERVE** a copy of the Petition (ECF No. 1-1) and this Order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United State Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the United States Attorney's Office for the District of Nevada file a notice of appearance within 7 days of the date of this Order and file and serve their Answer to the Amended Petition within 7 days of service of the Amended Petition. The Respondents must file with their Answer any documents reference or relied upon in their responsive pleading.[1] Petitioner will then have 7 days to file a reply.

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position

---

[1] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243).

regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that John Mattos shall not transfer Petitioner out of this District. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the *status quo* pending resolution on the merits and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER KINDLY DIRECTED** that the Clerk of Court MAIL a copy of the Petition (ECF No. 1-1) and this Order to: John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

DATED:   December 29, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE